'MoKiNney, J.,
delivered the opinion of the court.
This was a suit commenced before a Justice of the Peace of Cocke county, upon a note under seal, executed by Inman to Moyers for seventy-five dollars, payable in current Bank notes, at twelve months, and dated 22d July, 1848; which note was afterwards sold and transferred, by delivery, to Smith, who commenced the present suit thereon, on the 16th of August, 1849.
The Justice rendered judgment for the plaintiff, and the cause was removed by certiorari into the circuit court of Cocke county, by the defendant.
*81 On the trial in the circuit court, the defendant was permitted to give in evidence to the Jury the admissions of Moyers, the payee and nominal plaintiff, made after the transfer of scdd note to Smith, to establish that said note was founded on a gcmrmig consideration. This was objected by the plaintiff, but the objection was overruled, and the only question necessary to be considered is, was the evidence admissible? We think not. It is clear, that Moyers was an incompetent witness, upon the technical ground merely of being a party to the suit; though, under our act of 1825, ch. 29, but a nominal party. Such is the settled course of decision in this State, which we are not disposed to disturb. Anderson vs. Brodie, 7 Yer. R. 297; Evans vs. Gibbs, 6 Humph. 405.
But it by no means follows, as a consequence of the rule just stated, as seems to have been assumed by his Honor, that because Moyers could not himself be admitted to testify, therefore his admissions were competent evidence against Smith, without regard to the time such admissions may have been made. Whatever difference of judicial opinion may be found to exist upon this question, the weight of American authority clearly establishes, that the declarations or admissions of a party, though nominal plaintiff in the suit, made at a period after he has parted with his interest in the matter, and another person has acquired the exclusive right in the same subject matter, cannot be admitted in evidence to disparage the right or title of the latter, however it may affect the party himself making such declaration or admission.
This most just and equitable doctrine will be found, says Mr. G-reenleaf, (Vol. 1, § 180,) to apply, not only to admissions made by bankrupts and insolvents, but to *82 tbe cases of vendor and vendee, payee and endorsee, grantor and grantee; and, generally, to be tbe pervading doctrine in all cases of rights acquired in good faitb, previous to tbe time of making tbe admissions in question. See cases referred to; Note 2; Id. §§ 171, 172, 173.
It follows tbafc tbe judgment must be reversed, and the cause be remanded for a new trial.